Battle, J.
 

 Upon the trial, the defendants urged several objections against the right of the plaintiff to recover: but upon which of them his Honor gave judgment, the record does not show. There is one, which is so plainly fatal to the action, that it is unnecessary to consider any other. The record of the proceedings against J. M. Angel, does not exhibit any order of the County Court committing him to the custody of the sheriff, and without such order, the sheriff certainly had no authority to arrest or detain him. The only entry which is relied upon as an order, is, that
 
 “
 
 John M. Angel came into Court and surrendered himself in open court, in discharge of his security, and was prayed into custody of the sheriff.”' A prayer made, is by no means a prayer answered, and where the liberty of the citizen is concerned, we cannot infer that the court did what it was asked to do. As without such order, the sheriff had- no right to arrest and detain the party, his subsequent arrest and discharge of him, after taking a bond with an insolvent surety from him, could not alter his resjmnsi-bility, and make him and his sureties liable for an escape. The debtor was never lawfully in his custody, and in such a case, no act, or admission, of his, could make him liable to an action for an escape. If an officer seize a debtor upon a-defective precept, intended to be a
 
 ea. sa.,
 
 and afterwards permit him to go at large, he cannot be held responsible for an escape, as was decided many years ago in the case of
 
 Walker
 
 v.
 
 Vick,
 
 2 Dev. and Bat. Rep. 99, much less can he be made liable where there is no precept or order of the Court to authorize the arrest and detention of the debtor.
 

 Per CuRiAM. The judgment is affirmed.